UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATACHA NOBILE,

                        Plaintiff,

               -against-

DONALD TRUMP,

                        Defendant.

23-CV-6642 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction, alleging that Defendant violated her rights. By order dated August 10, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She checks the box on the form to invoke the court's federal question jurisdiction. In response to the question on the form asking which of her federal constitutional or federal statutory rights were violated, Plaintiff writes, "'Spic' racist abuses defamation, torts libel slander," and "Death threats about a war Paris Hilton lost 10/13/22 and business fraud w/Delta, Scott Kirby @ United Airways (too cheap to pay commissions." (ECF 1 ¶ IA.)[1]

Plaintiff alleges,

Donald Trump is guilty of uncivilized death personal threats war crime propogations and spat agreements about a war that Paris Hilton did and lost 10/13/2022 + 12/29/2022 and many war mongering wars.

(*Id.*)

Plaintiff further alleges:

I am suing Donald Trump about death threats about prostitute Paris Hilton that he caught HIV from Paris Hilton and plotted and schemed death threats with her for the past years since 2009 now its 2023. She's a mentally ill or mind that has HIV and has psycho disorder and AIDS HIV very contagious for the past 10 years. She plotted with Donald Trump he is TS with other celebs about ways to use defamation, libel & slander torts heists too w/ Joe Biden and bribed with hotels and free food plus heisted with Carter Rheum plus Kathy and Rick Hilton pedophilia, plus she got him to be so racist and harmed with defamation [illegible] and socially did not want to pay commissions about a new capital venture they lured clients away, to Scott Kirby United Airways, business fraud. They both were

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

doing Mafia and heists w/ Joe Biden administration, bribarys prostitution, death threats online, plus Mafia.

(*Id.* ¶ III.)

Plaintiff asserts that she is "suing for pain and suffering I did not get as much highly paid work online in society and they both tried to steal my clients I spoke to insta business that to get business for me as an aero mogul. (*Id.* ¶ IV.) Plaintiff seeks $10 billion in damages. (*Id.*)

On August 18, 2023, Plaintiff filed a motion for "an order of writ and petition" to sue former President Trump. (ECF 4.)

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (stating claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's claims are premised on her belief that former President Trump, members of the Hilton family, and others, conspired to violate her rights by, among other things, making death

threats, spreading HIV, and interfering with Plaintiff's business. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802, 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that she was victim of a broad conspiracy perpetrated by former President Trump, celebrities, and others. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with allegations that she believes to be true − that she is a victim of a broad conspiracy perpetrated by Defendant and others to threaten, harm, and defame her – but that are implausible. Plaintiff has pleaded no factual predicate in support of her assertions; therefore, the allegations amount to conclusory claims and suspicions and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him."); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

**DENIAL OF LEAVE TO AMEND AND WARNING**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff filed two other *pro se* complaints that were also dismissed as frivolous. *See Nobile v. Obama Admin.*, ECF 1:23-CV-7417, 6 (S.D.N.Y. Oct. 10, 2023) *Nobile v. Biden*, ECF 1:23-CV-6997, 8 (S.D.N.Y. Oct. 11, 2023). Plaintiff is warned that if she abuses the privilege of proceeding IFP, she will be ordered to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in this Court without prior permission. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements.)

**CONCLUSION**

The Court dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The motion is denied as moot, and the Clerk of Court is directed to terminate it. (ECF 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 12, 2023
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge